RECEIVED

FEB 17 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRIAM KELLY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>　　　　Defendant. | Civil Action No. 14-135 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court following the Report and Recommendation of the Honorable Douglas E. Arpert, U.S.M.J., recommending the dismissal of Plaintiff's Complaint with prejudice for failure to comply with certain orders of the Court and for failure to expeditiously prosecute the matter. (ECF No. 13.) Plaintiff filed correspondence, objecting to Judge Arpert's recommendation, stating that the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), militate against dismissal. (ECF No. 16.) The facts relevant to the Court's decision, which are not contested by Plaintiff, are set forth in Judge Arpert's recommendation and will not be repeated here unless necessary. For the reasons set forth below, the Court adopts Judge Arpert's recommendation, and the case is dismissed with prejudice.

　　Plaintiff, after numerous opportunities and the passage of significant time, has failed to comply with the most basic of discovery obligations and other Court orders. Plaintiff's Complaint was filed on January 8, 2014. (ECF No. 1.) On April 7, 2014, the Court entered the Hurricane Sandy Case Management Order No. 1, which set forth deadlines for initial disclosures and fact

discovery (ECF No. 6), and on August 18, 2014, the Court entered a second scheduling order, directing Plaintiff to serve any outstanding discovery by August 21, 2014 (ECF No. 8). On November 20, 2014, Defendant notified the Court that Plaintiff had still not provided initial disclosures or responses to Defendant's discovery requests and failed to attend a scheduled Rule 37(a)(1) discovery conference.[1] (*See* ECF No. 12.) In response, the Court ordered that "no later than December 5, 2014, Plaintiff shall set forth, in writing, reasons why the Complaint should not be dismissed for failure to provide discovery." (*Id.*) Plaintiff did not respond. As attachments to her objection to Judge Arpert's recommendation, Plaintiff has provided responses to Defendant's discovery requests.[2] (ECF No. 16-1 to -3.)

The Court, having conducted a de novo review[3] of Judge Arpert's analysis of the *Poulis* factors, determines that the case should indeed be dismissed with prejudice. In determining the appropriateness of dismissal as a sanction, courts look to the following factors:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

---

[1] Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that, prior to making a motion to compel discovery, a movant must certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

[2] Plaintiff, however, has not attached her initial disclosures; accordingly, the Court cannot discern whether those disclosures have ever been provided to Defendant.

[3] Following a party's objection to a magistrate judge's report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

*Poulis*, 747 F.2d at 868 (emphasis in original). The Court has considered these factors, as well as Plaintiff's objections to Judge Arpert's recommendation, and finds that dismissal is appropriate. Defendant has undoubtedly been prejudiced by Plaintiff's failure to provide discovery responses; Plaintiff's suit was filed in January 2014, and Defendant has since been unable to effectively defend the suit as Plaintiff did not respond to the most basic of discovery obligations until January 2015. Moreover, Plaintiff's exhibited history of dilatoriness reveals a willful disregard of her obligations under the Court's rules and orders. Considering the total failure of Plaintiff to respond to the Court's Order and Plaintiff's offered objection, the Court doubts that any alternative sanction would be effective.

Plaintiff primarily objects to Judge Arpert's recommendation of dismissal by claiming that any "dilatoriness was due to . . . counsel's excessive case load, staffing and scheduling conflicts, and other time constraints that plague the discovery process in this case." (ECF No. 16.) The Court, while cognizant that primary responsibility for the indifference to the Court's orders should be placed on Plaintiff's counsel, is not moved. "[A] client cannot always avoid the consequences of the act or omissions of its counsel." *Poulis*, 747 F.2d at 868 (citing *Link v. Wabash R.R.*, 370 U.S 626, 633 (1962)). Plaintiff disclaims in her objection "that in August 2014, she provided documents and initial disclosures in connection with the claim." Whatever the validity of this contention, it does not excuse the failure to respond to the Court's Order, directing Plaintiff to show cause for the failure to provide fact discovery approximately four months after the initial deadline. "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link*, 370 U.S. at 633.

3

Accordingly, for the above reasons, the Court adopts the report and recommendation of Judge Arpert. Plaintiff's Complaint is dismissed with prejudice. An order consistent with this opinion will be entered.

Dated: February 17th, 2015

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE